# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ROLLINGS, | CASE NO. 1:09-cv-01541-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| WARDEN HARRINGTON, | (Doc. 15) |
| Defendant. | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

**I.  Procedural History**

Plaintiff Alfred Rollings, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 31, 2009. Pursuant to the Court's screening order filed on January 28, 2011, this action is proceeding against Defendant Harrington on Plaintiff's claim that while he was housed at Kern Valley State Prison, he was exposed to water contaminated with arsenic, in violation of his rights under the Eighth Amendment of the United States Constitution.

On May 9, 2011, Defendant filed a motion to dismiss for failure to exhaust. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). In response, Plaintiff filed a motion on June 10, 2011, seeking to stay this action pending exhaustion. The Court denied Plaintiff's motion for a stay on June 15, 2011, and ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days. Plaintiff did not comply with or otherwise response to the order and Defendant's motion is deemed

submitted.[1]  Local Rule 230(l).  For the reason that follows, the Court recommends that Defendant's motion be granted.

**II.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983, 992 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**III.    Discussion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints, Cal. Code Regs., tit. 15 § 3084.1 (West 2011), and the process is

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on March 4, 2011.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 11-1.)

initiated by submitting a CDCR Form 602 (Inmate/Parolee Appeal), <u>id.</u> at § 3084.2(a).[2] In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. <u>Woodford v. Ngo</u>, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); <u>McKinney</u>, 311 F.3d at 1199-1201.

Defendant contends that there is no evidence Plaintiff filed an appeal grieving his claim that he was exposed to contaminated water. In support of his motion, Defendant submits evidence that there is no record of an appeal on this issue at the institutional level or at the final level of appeal in Sacramento. (Doc. 15, Motion, Tarnoff Dec., ¶7 & Foston Dec., ¶5.) Plaintiff filed two appeals while at Kern Valley State Prison, but both appeals related to property issues. (Tarnoff Dec., ¶6.)

Defendant has met his burden as the moving party by demonstrating the absence of any evidence that exhaustion occurred, <u>Wyatt</u>, 315 F.3d at 1119, and the burden therefore shifts to Plaintiff to produce evidence demonstrating either exhaustion or the existence of circumstances excusing exhaustion, <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 822-23 (9th Cir. 2010); <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1224 (9th Cir. 2010). Plaintiff's motion to stay this action was denied and Plaintiff failed to file an opposition or a statement of non-opposition thereafter. Accordingly, Defendant is entitled to dismissal based on Plaintiff's failure exhaust his administrative remedies.

**IV.    Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed May 9, 2011, be GRANTED and this action be dismissed, without prejudice, for failure to exhaust. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

---

[2] Emergency changes to the regulations became effective on January 28, 2011, but the availability of an administrative process for grieving conditions of confinement and the requirement that inmates file an appeal form to initiate the process remain unchanged.

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 1, 2011**                         /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE